Raymond D. Yowell
Name
HC 30 Box 272

Spring Creek, NV 89815

Phone: (775) 744-4381
Prison Number

```
                     FILED          ____ RECEIVED
                ____ ENTERED        ____ SERVED ON
                                    COUNSEL/PARTIES OF RECORD

                         JUL 20 2011

                    CLERK US DISTRICT COURT
                      DISTRICT OF NEVADA
                BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Raymond D. Yowell ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Robert Abbey, Helen Hankins, The Dept ) <br> of Treasury/Financial Management Svcs. ) <br> The Allied Interstate, Inc., Pioneer Credit ) <br> Recovery, Inc. The CBE, Inc., Jim Connoly ) <br> Dennis Jurogian, Jim Pitts, Mark Torvinen ) <br> ) <br> Cook of Utah, ) <br> ) <br> John and Jane Does 1-12 ) <br> Defendant(s). ) | CASE NO. ___3:11-cv-00518___ <br> (To be...) <br><br> **CIVIL RIGHTS COMPLAINT** <br> **PURSUANT TO** <br> **42 U.S.C. § 1983** <br> Bivens Action <br> 25 U.S.C. 478 |

## A. JURISDICTION

1)  This complaint alleges that the civil rights of Plaintiff, Raymond D. Yowell ,
                                                          (Print Plaintiff's name)

    who presently resides at Western Shoshone South Fork Indian Reservation , were

    violated by the actions of the below named individuals which were directed against

    Plaintiff at Sec 35, R 56 E, T 31 N in Elko County Nevada on the following dates
              (institution/city where violation occurred)

    | May 24, 2002 | May 24, 2002, May 31, 2002 | and May 24, 2002, May 31, 2002 |
    |---|---|---|
    | (Count I) | (Count II) | (Count III) |
    | May 24 & 31, 2002 | Continuing | |
    | (Count IV) | (Count V) | |

Paid Amt $ 350.00  Date 7/20/2011
NVRNO
Receipt # 550  Initials DRY

**Make a copy of this page to provide the below
information if you are naming more than five (5) defendants**

2) Defendant <u>Robert Abbey</u> resides at <u>1849 C. St. N.W. Wash D.C. 20240</u>,
(full name of first defendant) (address if first defendant)
and is employed as <u>National Director of BLM</u>. This defendant is sued in his/her
(defendant's position and title, if any)
<u>x</u> individual <u>x</u> official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>This Defendant acted under color of regulation and informal established procedure when he and those acting under his authority siezed the Plaintiffs' livestock without a warrant or court order</u>

3) Defendant <u>Helen Hankins</u> resides at <u>2850 Youngfield St., Lakewood, CO 80215</u>,
(full name of first defendant) (address if first defendant)
and is employed as <u>District Manager of Elko County NV BLM</u>. This defendant is sued in his/her
(defendant's position and title, if any)
<u>x</u> individual <u>x</u> official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>This Defendant acted under color of regulation and informal established procedure when she and those acting under her authority seized the Plaintiffs' livestock without a warrant or court order.</u>

4) Defendant <u>Dept of Treasury, Fin Mgmt Svcs</u> resides at <u>P.O. Box 1686, Birmingham AL 35201-1686</u>,
(full name of first defendant) (address if first defendant)
and is employed as <u>same</u>. This defendant is sued in his/her
(defendant's position and title, if any)
___ individual <u>x</u> official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>This Defendant pursued an alleged debt stemming from the seizure of the Plaintiffs' livestock, and is currently deducting funds from the Plaintiffs' social security check to satisfy the alleged debt, even though the Plaintiff has never had an opportunity to defend against the underlying basis of the original charges.</u>

5) Defendant <u>Allied Interstate, Inc.</u> resides at <u>P.O. Box 26220, Minneapolis MN 55426</u>,
(full name of first defendant) (address if first defendant)
and is employed as <u>same</u>. This defendant is sued in his/her
(defendant's position and title, if any)
<u>x</u> individual ___ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>This Defendant pursued an allege debt stemming from the seizure of the Plaintiffs' livestock even though the Plaintiff has never had an opportunity to defend against the underlying basis of the original charges.</u>

Make a copy of this page to provide the below
information if you are naming more than five (5) defendants

2) Defendant <u>Pioneer Credit Recovery, Inc.</u> resides at <u>P.O. Box 189, Arcade NY 14009-0189</u>,
   (full name of first defendant)   (address if first defendant)
and is employed as <u>same</u>                . This defendant is sued in his/her
   (defendant's position and title, if any)
<u>x</u> individual ___ official capacity. (Check one or both). Explain how this defendant was acting
under color of law: <u>This Defendant pursued an alleged debt stemming from the seizure of the Plaintiffs' livestock even though the Plaintiff has never had an opportunity to defend against the underlying basis of the original charges.</u>

3) Defendant <u>The CBE group, Inc.</u> resides at <u>131 Tower Pk Dr, Ste 100, Waterloo IA 50701</u>
   (full name of first defendant)   (address if first defendant)
and is employed as <u>same</u>                . This defendant is sued in his/her
   (defendant's position and title, if any)
<u>x</u> individual ___ official capacity. (Check one or both). Explain how this defendant was acting
under color of law: <u>This Defendant pursued an alleged debt stemming from the seizure of the Plaintiffs' livestock even though the Plaintiff has never had an opportunity to defend against the underlying basis of the original charges</u>

4) Defendant <u>Cook Utah of Duchesne</u> resides at <u>Duchesne, UT (other address unknown)</u>,
   (full name of first defendant)   (address if first defendant)
and is employed as _____. This defendant is sued in his/her
   (defendant's position and title, if any)
<u>x</u> individual <u>x</u> official capacity. (Check one or both). Explain how this defendant was acting
under color of law: <u>This Defendant was acting as an agent of the BLM and participated in the unwarranted seizure and transport of the Plaintiffs' livestock pursuant only to regulation.</u>

5) Defendant <u>John Doe 1</u> resides at <u>Duchesne, UT (other address unknown)</u>,
   (full name of first defendant)   (address if first defendant)
and is employed as _____. This defendant is sued in his/her
   (defendant's position and title, if any)
<u>x</u> individual <u>x</u> official capacity. (Check one or both). Explain how this defendant was acting
under color of law: <u>This Defendant was acting as an agent of the BLM and participated in the unwarranted seizure and transport of the Plaintiffs' livestock pursuant only to regulation</u>

Make a copy of this page to provide the below
information if you are naming more than five (5) defendants

2) Defendant <u>John Doe 2</u> resides at <u>address unknown</u>,
      (full name of first defendant)       (address if first defendant)
and is employed as <u>employee of Cook</u>. This defendant is sued in his/her
      (defendant's position and title, if any)
  <u>x</u>  individual   ____ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>This Defendant was acting as an agent of the BLM and participated in the un-</u>
<u>warranted seizure and transport of the Plaintiffs' livestock pursuant only to regulation</u>

3) Defendant <u>John Doe 3</u> resides at <u>address unknown</u>,
      (full name of first defendant)       (address if first defendant)
and is employed as <u>employee of Cook</u>. This defendant is sued in his/her
      (defendant's position and title, if any)
  <u>x</u>  individual   ____ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>This Defendant was acting as an agent of the BLM and participated in the un-</u>
<u>warranted seizure and transport of the Plaintiffs' livestock pursuant only to regulation</u>

4) Defendant <u>John Doe 4</u> resides at <u>address unknown</u>,
      (full name of first defendant)       (address if first defendant)
and is employed as <u>employee of Cook</u>. This defendant is sued in his/her
      (defendant's position and title, if any)
  <u>x</u>  individual   ____ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>This Defendant was acting as an agent of the BLM and participated in the un-</u>
<u>warranted seizure and transport of the Plaintiffs' livestock pursuant only to regulation.</u>

5) Defendant <u>John Doe 5</u> resides at <u>address unknown</u>,
      (full name of first defendant)       (address if first defendant)
and is employed as <u>employee of Cook</u>. This defendant is sued in his/her
      (defendant's position and title, if any)
  <u>x</u>  individual   ____ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>This Defendant was acting as an agent of the BLM and participated in the un-</u>
<u>warranted seizure and transport of the Plaintiffs' livestock pursuant only to regulation.</u>

Make a copy of this page to provide the below
information if you are naming more than five (5) defendants

2) Defendant <u>John Doe 6</u> resides at <u>address unknown</u>,
     (full name of first defendant)         (address if first defendant)
and is employed as <u>BLM Law Enforcement</u>. This defendant is sued in his/her
            (defendant's position and title, if any)
<u>x</u> individual <u>x</u> official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>This Defendant participated in the unwarranted seizure, transport, and sale of the Plaintiffs' livestock pursuant to informal established procedure and regulation.</u>

3) Defendant <u>John Doe 7</u> resides at <u>address unknown</u>,
     (full name of first defendant)         (address if first defendant)
and is employed as <u>BLM Law Enforcement</u>. This defendant is sued in his/her
            (defendant's position and title, if any)
<u>x</u> individual <u>x</u> official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>This Defendant participated in the unwarranted seizure, transport, and sale of the Plaintiffs' livestock pursuant to informal established procedure and regulation</u>

4) Defendant <u>John Doe 8</u> resides at <u>address unknown</u>,
     (full name of first defendant)         (address if first defendant)
and is employed as <u>BLM Law Enforcement</u>. This defendant is sued in his/her
            (defendant's position and title, if any)
<u>x</u> individual <u>x</u> official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>This Defendant participated in the unwarranted seizure, transport, and sale of the Plaintiffs' livestock pursuant to informal established procedure and regulation.</u>

5) Defendant <u>John Doe 9</u> resides at <u>address unknown</u>,
     (full name of first defendant)         (address if first defendant)
and is employed as <u>BLM Law Enforcement</u>. This defendant is sued in his/her
            (defendant's position and title, if any)
<u>x</u> individual <u>x</u> official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>This Defendant participated in the unwarranted seizure, transport, and sale of the Plaintiffs' livestock pursuant to informal established procedure and regulation.</u>

Make a copy of this page to provide the below
information if you are naming more than five (5) defendants

2) Defendant **Jim Pitts** resides at **775 W. Silver Street, Elko NV 89801**,
(full name of first defendant) (address if first defendant)
and is employed as **Elko County Sheriff**. This defendant is sued in his/her
(defendant's position and title, if any)
___ individual **x** official capacity. (Check one or both). Explain how this defendant was acting
under color of law: **This Defendant's deputy was present when the unwarranted seizure of the Plaintiffs' livestock took place and failed to perform his duties of office by allowing the seizure to take place without first being presented with a warrant or court order providing for such seizure.**

3) Defendant **John Doe 10** resides at **775 W. Silver Street, Elko NV 89801**,
(full name of first defendant) (address if first defendant)
and is employed as **Deputy Sheriff**. This defendant is sued in his/her
(defendant's position and title, if any)
___ individual **x** official capacity. (Check one or both). Explain how this defendant was acting
under color of law: **This Defendant was present under order from the Elko County Sheriff when the unwarranted seizure of the Plaintiffs' livestock took place and failed to perform his duties of office by allowing the unwarranted seizure to take place without first being presented with a warrant or court order.**

4) Defendant **Jim Connelly** resides at **516 Eagle Creek Dr., Spring Creek, NV 89815**
(full name of first defendant) (address if first defendant)
and is employed as **Nevada State brand inspector**. This defendant is sued in his/her
(defendant's position and title, if any)
**x** individual ___ official capacity. (Check one or both). Explain how this defendant was acting
under color of law: **This Defendant allowed the unwarranted seizure, transport, and sale of the Plaintiffs' livestock to take place in violation of his duties under the Nevada Revised Statutes and pursuant only to an informal established procedure and Memorandum of Understanding with the BLM.**

5) Defendant **Dennis Journigan** resides at **H.C. 30 Box 540, Lamoille, NV 89828**,
(full name of first defendant) (address if first defendant)
and is employed as **Deputy Brand Inspector**. This defendant is sued in his/her
(defendant's position and title, if any)
**x** individual ___ official capacity. (Check one or both). Explain how this defendant was acting
under color of law: **This Defendant allowed the unwarranted seizure and transport of the Plaintiffs' livestock to take place in violation of his duties under the Nevada Revised Statutes and pursuant only to an informal established procedure and Memorandum of Understanding with the BLM**

2

6) Defendant <u>Jane Doe 1</u> resides at <u>address unknown</u>,
   (full name of first defendant)         (address if first defendant)
and is employed as <u>BLM Law Enforcement</u>. This defendant is sued in his/her
   (defendant's position and title, if any)
<u>x</u> individual <u>x</u> official capacity. (Check one or both). Explain how this defendant was acting

under color of law: <u>This Defendant participated in the unwarranted seizure, transport, and sale of the Plaintiffs' livestock pursuant to informal established procedure and regulation.</u>

7) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343 (a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional statutes, list them below.

25 U.S.C. 478

## B. NATURE OF THE CASE

1) Briefly state the background of your case.

Raymond Yowell is a Shoshone Indian and ward of the United States and is a member of the Te-Moak tribe of the Western Shoshone Indians of Nevada (enrolment number 00042) whose principle occupation is a cattle rancher. Throughout his life Mr. Yowell has turned his livestock out to graze on the historic grazing lands associated with the South Fork Indian Reservation. Throughout the 1980s, the BLM attempted to get an Indian grazing association to sign a permit to graze livestock, but never approached Mr. Yowell directly. Mr. Yowell has never attempted to obtain a permit because the proclamation establishing the South Fork Indian Reservation (Feb 8, 1941) pursuant to the Indian Reorganization Act states that the reservation came "together with all range, and ranges, and range watering rights of every name, nature, kind and description used in connection" with the described boundaries of the reservation and as such Mr. Yowell was only exercising his treaty guaranteed vested rights to be a herdsman and reservational established rights to graze his livestock on the ranges. In the 1990s, the BLM began sending allegations of trespass to Mr. Yowell which Mr. Yowell answered and told them of his rights. On May 24, 2002, the named and unnamed Defendants above, (cont.)

## C. CAUSE OF ACTION

3

## COUNT I

The following civil rights has been violated: 4th Amendment guarantee against unwarranted seizure of property.

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

Robert Abbey, Helen Hankins, Cook Utah of Duchesne, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, John Doe 8, John Doe 9, Jane Doe 1, Jim Pitts, John Doe 10, Jim Connelly, Dennis Journigan violated the Plaintiffs' 4th Amendment rights when they acted together in concert on May 24, 2002 and seized 132 head of the Plaintiffs' cattle while the cattle were grazing on their historic grazing lands. The seizure of these cattle took place without a warrant or court order providing for the seizure of the Plaintiffs' livestock and only pursuant to an informal established procedure. The seized livestock were then transported over Mr. Yowell's objection 300 miles by said Defendants to a BLM holding corral in Palomino Valley Nevada.

4

## COUNT II

The following civil rights has been violated: 5th and 14th Amendment guarantees of due process of law.

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

Robert Abbey, Helen Hankins, Cook Utah of Duchesne, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, John Doe 8, John Doe 9, Jane Doe 1, Jim Pitts, John Doe 10, Jim Connelly, Dennis Journigan violated the Plaintiffs' 5th Amendment rights when they acted in concert with one another and deprived the Plaintiff of the right to dispute the underlying basis of the charges alleged against him. Mr. Yowell was presented with a bill for the costs of gathering, transporting, and alleged trespass fees and told to pay such an amount by May 30, 2002 or his cattle would be sold and the proceeds retained by the BLM. Mr. Yowell was never given any opportunity to dispute the underlying basis for the seizure of his livestock prior to their sale. The above named Defendants also violated Mr. Yowell's rights when they acted in concert to transport Mr. Yowell's livestock without his permission, and in violation of the Nevada Revised Statutes, the 300 miles to the Palomino Valley location. Mr. Yowell's cattle were sold on May 31, 2002 by the above named Defendants without Mr. Yowell's permission or his signature on the Brand Inspection Clearance Certificate Nos. 6415-38, 6415-40 in violation of the Nevada Revised Statutes (N.R.S. 565-120). Mr. Yowell never authorized any agent to sign on his behalf. The above named Defendants violated the Plaintiffs' rights to due process when they terminated Mr. Yowell's ownership rights to his livestock without having jurisdiction over Mr. Yowell, a Shoshone Indian, or his property without providing Mr. Yowell an opportunity for a pre-deprivation hearing, and only pursuant to an informal, established procedure of ignoring well defined Constitutional guarantees and state law processes.

## COUNT III

The following civil rights has been violated: Article 6 of the Constitution wherein treaties are established as the supreme law of the land.

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

Robert Abbey, Helen Hankins, Cook Utah of Duchesne, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, John Doe 8, John Doe 9, Jane Doe 1, Jim Pitts, John Doe 10, Jim Connelly, Dennis Journigan violated the Plaintiffs' Article 6 rights when they acted in concert with one another and deprived the Plaintiff of his treaty guaranteed rights to be a herdsman and agriculturalist. The Treaty of Ruby Valley was signed by the Western Shoshone Indians and the United States of America on October 1, 1863. Article 6 of the Treaty of Ruby Valley provides that the President of the US will establish a reservation when he deems expedient and that the Shoshone will abandon their nomadic ways and become herdsman or agriculturalist. The Indian Reorganization Act of June 8, 1934 provided that authority to purchase lands for the purpose of establishing Indian Reservations. On February 8, 1941 the South Fork Western Shoshone Indian Reservation was created and provides that all range, ranges, and range watering rights are included as part of the South Fork Reservation. Plaintiff was exercising his treaty guaranteed vested rights to be a herdsman when he turned his cattle out to graze on the historic ranges of the South Fork Indian Reservation in May of 2002. The Plaintiffs rights pursuant to treaty were violated by the above named Defendants when they seized his livestock on May 24, 2002 without a warrant or court order and without having jurisdiction over the ranges on which the Plaintiffs' livestock were grazing.

continued on additional pages.

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you filed other actions in state or federal courts involving the same or similar facts as involved in this action? _x_ Yes ___ No. If your answer is "Yes", describe each lawsuit. (If more than one, describe the others on an additional page following the below

6

outline).

a) Defendants: United States of America
b) Name of court and docket number: USCFC 08-368-C
c) Disposition (for example, was the case dismissed, appealed or is it still pending?): Case was dismissed for lack of subject matter jurisdiction
d) Issues raised: takings

e) Approximate date it was filed: May 22, 2008
f) Approximate date of disposition: October 9, 2009

2) Have you filed an action in federal court that was dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted? ___ Yes  x  No. If your answer is "Yes", describe each lawsuit. (If you had more than three actions dismissed based on the above reasons, describe the others on an additional page following the below outline.)

Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:

a) Defendants: _____
b) Name of court and case number: _____
c) The case was dismissed because it was found to be (check one): ____ frivolous ____ malicious or ____ failed to state a claim upon which relief could be granted.
d) Issues raised: _____

e) Approximate date it was filed: _____
f) Approximate date of disposition: _____

Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:

a) Defendants: _____
b) Name of court and case number: _____

c)   The case was dismissed because it was found to be (check one): _____ frivolous _____ malicious or _____ failed to state a claim upon which relief could be granted.

d)   Issues raised: _____

e)   Approximate date it was filed: _____

f)   Approximate date of disposition: _____

Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:

a)   Defendants: _____.

b)   Name of court and case number: _____.

c)   The case was dismissed because it was found to be (check one): _____ frivolous _____ malicious or _____ failed to state a claim upon which relief could be granted.

d)   Issues raised: _____

e)   Approximate date it was filed: _____

f)   Approximate date of disposition: _____

3)   Have you attempted to resolve the dispute stated in this action by seeking relief from the proper administrative officials, e.g., have you exhausted available administrative grievance procedures? ___ Yes  x  No. If your answer is "No", did you not attempt administrative relief because the dispute involved the validity of a: (1) ___ disciplinary hearing; (2) ___ state or federal court decision; (3) ___ state or federal law or regulation; (4) ___ parole board decision; or (5) ___ other No administrative remedy offered _____.
If your answer is "Yes", provide the following information. Grievance Number _____.
Date and institution where grievance was filed _____.

Response to grievance: _____

8

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following relief:

Monetary damages for the violation of my Constitutional, Treaty guaranteed vested rights,

Statutorily guaranteed trust responsibility rights as a ward of the United States in the amount of

$30,000,000 (thirty million dollars).

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

*Raymond D. Yowell*
(Signature of Plaintiff)

_____
(Name of Person who prepared or helped
prepare this complaint if not Plaintiff)

7-18-11
(Date)

(Additional space if needed; identify what is being continued)

Section B continued on attached pages.

Section C continued on attached pages.

9

(Continued from Section B. Nature of the Case.)
assembled at a location where Mr. Yowell's livestock were grazing and the Defendants proceeded to round up (gather) Mr. Yowell's livestock and seize them without a warrant or court order providing for the seizure of Mr. Yowell's livestock only pursuant to a "Notice of intent to impound" issued pursuant to regulations of the BLM which have no authority over the ranges confirmed by the proclamation establishing the South Fork Indian Reservation. Mr. Yowell's livestock were then transported over 300 miles to a BLM facility in Palomino Valley Nevada. Mr. Yowell was never given notice or opportunity to dispute the underlying basis of the allegations against him, only given a "bill" for the seizure, transport, and alleged trespass fees in excess of $150,000 and told to pay up or his livestock would be sold on May 31, 2002. Mr. Yowell's ownership interest in the livestock was terminated by the above named Defendants under color of law and the livestock were sold on May 31, 2002. Mr. Yowell, knowing of a nearly identical situation concentrated on filing a "takings case" to recover the damages he incurred and on May 22, 2008 filed suit in the United States Court of Federal Claims, (Case No. 08-368-C). The USCFC dismissed this suit on April 29, 2009 for lack of jurisdiction over the matter. Mr. Yowell filed a Motion to Reconsider this decision. On October 9, 2009, the Motion to Reconsider was denied, but unfortunately the Court's decision was never sent to Mr. Yowell. In January of 2010, Mr. Yowell called the clerk of the USCFC and inquired as to the status of his case, and was informed that Mr. Yowell's Motion had been denied. Mr. Yowell sent a letter to the Clerk of the USCFC requesting a copy of the decision denying the Motion to Reconsider, but was never provided one by the Clerk or the Court, and had to obtain one from a third party.

(Continued from Section C)

### Count IV

The following civil right has been violated: Breach of Trust of the Indian Reorganization Act of 1934.

Supporting Facts:
Robert Abbey, Helen Hankins, Cook Utah of Duchesne, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, John Doe 8, John Doe 9, Jane Doe 1 violated the Plaintiffs' rights as a ward of the United States when they failed to perform their trust responsibility as agents of the Trustee of the Plaintiff as established by the Indian Reorganization Act of 1934 (IRA) (25 U.S.C. 478). In Section 5 of the IRA, it states that "Title to any lands or rights acquired pursuant to this Act shall be taken in the name of the United States in trust for the Indian tribe or individual Indian for which the land is acquired, and such lands or rights shall be exempt from State or local taxation." On February 8, 1941 the South Fork Western Shoshone Indian Reservation was created by proclamation and the boundaries were particularly described in the proclamation together with "all range, ranges, and range watering rights of every name, nature, kind and description used in connection with the above described premises." Mr. Yowell was grazing his livestock on the ranges historically used in connection with the South Fork Western Shoshone Indian Reservation. By interfering with Mr. Yowell's free enjoyment of the historic ranges in his capacity as a Western Shoshone Indian, the above named

Defendants as agents of the United States violated the United States' trust responsibility to Mr. Yowell.

**Count V**

The following civil right has been violated: 5th and 14th Amendment guarantee of due process of law.

Supporting Facts:
Robert Abbey, Helen Hankins, Cook Utah of Duchesne, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, John Doe 8, John Doe 9, Jane Doe 1, Department of the Treasury, Financial Management Service, Allied Interstate, Inc., Pioneer Credit Recovery, Inc., The CBE group, Inc. violated the Plaintiff's 5th and 14th Amendment rights to due process when they acted in concert with one another by seizing the Plaintiff's livestock without a warrant or court order, selling the livestock at below market prices, and then attempting to collect a deficiency based upon the alleged debt allegedly owed by Mr. Yowell. The Department of the Treasury, Financial Management Service under direction of the Bureau of Land Management attempted to collect over $180,000 from Mr. Yowell for the costs allegedly owed by Mr. Yowell. Mr. Yowell was never given an opportunity to defend against the underlying basis of the charges against him, nor to challenge the validity of the alleged debt. Mr. Yowell responded that the alleged debt was not a legitimate debt. The Department of the Treasury, to the best of the Plaintiff's knowledge then assigned the collection of the alleged debt to Allied Interstate, Inc. Allied Interstate attempted to collect the alleged debt, but Mr. Yowell responded with a letter and informed them that it was not a legitimate debt. Subsequently, Pioneer Credit Recovery, Inc. attempted to collect the alleged debt, but Mr. Yowell responded with a letter and informed them that it was not a legitimate debt. Subsequently The CBE group, Inc. attempted to collect the alleged debt, but Mr. Yowell responded with a letter and informed the CBE group, Inc. that it was not a legitimate debt. Subsequently, the Department of the Treasury, Financial Management Service once again attempted to collect on the alleged debt. Mr. Yowell once again responded in a letter to the Dept. of Treasury and once again informed them that it was not a legitimate debt. The Dept. of Treasury once again ignored Mr. Yowell's letter and informed Mr. Yowell that it would be deducting a portion of his Social Security payment in order to pay for the alleged debt. Mr. Yowell responded with a letter and informed the Dept. of Treasury that their actions were unlawful because the actions violated 28 U.S.C. § 407. The Department of Treasury ignored Mr. Yowell's letters and on April 1, 2008 began deducting 15% of his Social Security payment without first providing him an opportunity for a hearing to challenge the underlying basis of the alleged debt in violation of the 5th and 14th Amendment's guarantees of due process. The Plaintiff continues to suffer damages monthly as of time of the filing of this complaint.