1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RAYMOND D. YOWELL,                    )
                                      )
    Plaintiff,                     )
                                      )
    v.                             )          3:11-cv-518-RCJ-VPC
                                      )
ROBERT ABBEY et al.,                  )          **ORDER**
                                      )
    Defendants                     )
_____ )

    Currently before the Court is Plaintiff's Motion for Personal Injunctive Relief (#43) and Federal Defendants' Motion for Reconsideration of Order Denying Federal Defendants' Motion to Dismiss Complaint (#59).

**BACKGROUND**

    On July 20, 2011, *pro se* Plaintiff Raymond D. Yowell ("Plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983, 25 U.S.C. § 478, and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), in this Court.  (Compl. (#1) at 1).  In the complaint, Plaintiff sued Robert Abbey[1], Helen Hankins[2], Department of the Treasury Financial Management Services ("Treasury-FMS")[3], Allied Interstate Inc., Pioneer Credit Recovery, Inc., The CBE Group, Inc., Cook Utah of

_____

    [1]  Abbey is currently the National Director of the Bureau of Land Management ("BLM"), but was the Nevada State Director of BLM in 2002.  (Mot. to Dismiss (#4) at 3).

    [2]  Hankins is currently the Colorado State Director of BLM, but was the BLM Field Manager for the Elko Field Office in 2002.  (Mot. to Dismiss (#4) at 3).

    [3]  Treasury-FMS is an institutional component of the Department of Treasury and manages the Treasury Offset Program which offsets federal payments to those persons and entities who are indebted to a federal agency.  (Mot. to Dismiss (#4) at 3).

Duchesne, Jim Pitts[4], Jim Connelley[5], Dennis Journigan[6], and Mark Torvinen (collectively "Defendants").  (*Id.* at 2-3, 6).

The complaint alleged the following.  (*Id.* at 7).  Plaintiff was a Shoshone Indian, ward of the United States, and a member of the Te-Moak Tribe of the Western Shoshone Indians of Nevada.  (*Id.*).  He was a cattle rancher.  (*Id.*).  Throughout his life, Plaintiff let his livestock graze on the "historic grazing lands associated with the South Fork Indian Reservation."  (*Id.*).  During the 1980s, the BLM attempted to get an Indian grazing association to sign a permit to graze livestock, but never approached Plaintiff directly.  (*Id.*).  Plaintiff never obtained a permit to graze his livestock because the proclamation that established the South Fork Indian Reservation, pursuant to the Indian Reorganization Act, stated that the reservation came "together with all range, and ranges, and range watering rights of every name, nature, kind and description used in connection" with the described boundaries of the reservation.  (*Id.*).  Plaintiff alleged that he was only exercising his treaty guaranteed vested rights to be a herdsman and to graze his livestock on the ranges.  (*Id.*).

The complaint alleged the following.  (*Id.*).  In the 1990s, the BLM alleged that Plaintiff was trespassing.  (*Id.*).  On May 24, 2002, Defendants assembled where Plaintiff's livestock were grazing, gathered Plaintiff's livestock, and seized the livestock without a warrant or court order for the seizure.  (*Id.* at 7, 14).  Defendants then transported Plaintiff's livestock over 300 miles to the BLM facility in Palomino Valley, Nevada.  (*Id.* at 14).  Defendants never gave Plaintiff notice or an opportunity to dispute the underlying basis of the allegations against him.  (*Id.*).  Defendants gave Plaintiff a "bill" for the seizure, transport, and alleged trespass fee in excess of $150,000 and told Plaintiff that he had to pay or they would sell his livestock on May 31, 2002.  (*Id.*).  Defendants sold Plaintiff's livestock on May 31, 2002.  (*Id.*).

---

[4]  Pitts is the Sheriff of Elko County.  (Mot. to Dismiss (#6) at 1).

[5]  Connelley is a former Nevada State Brand Inspector.  (Mot. for Summ. J. (#17) at 1).

[6]  Journigan is a former Nevada Deputy State Brand Inspector.  (Mot. for Summ. J. (#17) at 1).

The complaint alleged five causes of action.  (*Id.* at 8-10, 14-15).  In the first cause of action, Plaintiff alleged an unwarranted seizure of property in violation of the Fourth Amendment against  Robert Abbey, Helen Hankins, Cook Utah of Duchesne, Jim Pitts, Jim Connelley, and Dennis Journigan. (*Id.* at 8).  Specifically, Plaintiff alleged that Defendants had violated his rights when they "acted together in concert on May 24, 2002" and seized 132 of Plaintiff's cattle that were grazing on historic grazing lands.  (*Id.*).

In the second cause of action, Plaintiff alleged a due process violation under the Fifth and Fourteenth Amendments against Robert Abbey, Helen Hankins, Cook Utah of Duchesne, Jim Pitts, Jim Connelley, and Dennis Journigan.  (*Id.* at 9).  Specifically, Plaintiff alleged that Defendants violated his due process rights by depriving him of the ability to dispute the underlying basis of the charges alleged against him when they presented him "with a bill for the costs of gathering, transporting, and alleged trespass fees" and told him to pay the amount by May 30, 2002, or his cattle would be sold and the proceeds retained by the BLM.  (*Id.*).  Plaintiff alleged that Defendants violated his rights and the Nevada Revised Statutes when they transported his livestock without his permission to a location 300 miles away.  (*Id.*).  Plaintiff alleged that Defendants violated his rights by selling his cattle on May 31, 2002, without his permission or his signature on the Brand Inspection Clearance Certificate in violation of NRS § 565.120.  (*Id.*).  Plaintiff alleged that Defendants violated his due process rights because they failed to provide him with a pre-deprivation hearing and terminated his ownership rights without having jurisdiction over Plaintiff or his property.  (*Id.*).

In the third cause of action, Plaintiff alleged that Robert Abbey, Helen Hankins, Cook Utah of Duchesne, Jim Pitts, Jim Connelley, and Dennis Journigan violated Article VI of the U.S. Constitution which provides that treaties made under the authority of the United States are the supreme law of land.  (*Id.* at 10).  Specifically, Plaintiff alleged that the 1863 Treaty of Ruby Valley, signed by the Western Shoshone Indians and the United States, provided that the President would establish a reservation for the Shoshone to become herdsman and agriculturalists.  (*Id.*).  Pursuant to the Indian Reorganization Act of 1934, the South Fork Western Shoshone Indian Reservation was created in 1941 and provided that "all range,

ranges, and range watering rights [were] included as part of the South Fork Reservation."
(*Id.*).  Defendants violated Plaintiff's treaty rights when they seized his livestock on May 24, 2002 without a warrant and without having jurisdiction over the ranges on which Plaintiff's livestock were grazing.  (*Id.*).

In the fourth cause of action, Plaintiff alleged that Robert Abbey, Helen Hankins, and Cook Utah of Duchense had violated his civil rights by breaching the trust of the Indian Reorganization Act of 1934.  (*Id.* at 14).  Specifically, Plaintiff alleged that Defendants had failed to perform their trustee responsibilities "as agents of the Trustee of the Plaintiff."  (*Id.*).  Plaintiff alleged that Defendants had interfered with his free enjoyment of the historic ranges in his capacity as a Western Shoshone Indian.  (*Id.*).

In the fifth cause of action, Plaintiff alleged that Robert Abbey, Helen Hankins, Cook Utah of Duchesne, Treasury-FMS, Allied Interstate, Inc., Pioneer Credit Recovery, Inc., and The CBE Group, Inc. violated his Fifth and Fourteenth Amendment due process rights by seizing his livestock without a warrant or court order, selling his livestock below market prices, and then attempting to collect a deficiency based on the alleged debt.  (*Id.* at 15).  Under the direction of the BLM, Treasury-FMS attempted to collect over $180,000 from Plaintiff for costs allegedly owed by Plaintiff.  (*Id.*).  Plaintiff was never given an opportunity to defend against the underlying basis of the charges against him or the opportunity to challenge the validity of the alleged debt.  (*Id.*).  Plaintiff informed the Department of Treasury that the debt was not legitimate.  (*Id.*).  The Department of Treasury then assigned the debt to Allied Interstate who attempted to collect the debt.  (*Id.*).  After Plaintiff told Allied Interstate that the debt was not legitimate, Pioneer Credit Recovery attempted to collect the debt.  (*Id.*).  After informing Pioneer Credit Recovery that the debt was not legitimate, The CBE Group attempted to collect the debt.  (*Id.*).  After Plaintiff told The CBE Group that the debt was not legitimate, the Department of Treasury attempted to collect the debt again.  (*Id.*).  The Department of Treasury told Plaintiff that it would deduct a portion of his social security payment in order to pay the debt.  (*Id.*).  On April 1, 2008, the Department of Treasury began deducting 15% of his social security payment without providing him an opportunity for a hearing to challenge the

Case 3:11-cv-00518-RCJ-VPC   Document 68   Filed 08/03/12   Page 5 of 7

underlying basis of the alleged debt. (*Id.*). Plaintiff continues to suffer monthly damages. (*Id.*).

In June 2012, this Court issued an order denying all of the pending motions to dismiss and motions for summary judgment. (Order (#37) at 11). With respect to Robert Abbey, Helen Hankins, and Treasury-FMS (collectively "Federal Defendants"), this Court found that the statute of limitations were tolled with respect to all five causes of action. (*Id.* at 9). The Court also stated, "with respect to Treasury-FMS, the only remedy available to Plaintiff against Treasury-FMS is a personal injunction requiring the BLM to withdraw their debt certification to Treasury-FMS and Treasury-FMS's obligation to honor it forthwith. This remedy is based on the BLM's violation of Plaintiff's due process rights in determining a deficiency debt owed and its certification of that debt to Treasury-FMS." (*Id.*).

**DISCUSSION**

**I.    Plaintiff's Motion for Personal Injunctive Relief (#43)**

Plaintiff files a motion for personal injunctive relief in response to this Court's order stating that his only available remedy against Treasury-FMS is to file a personal injunction requiring the BLM to withdraw their debt certification to Treasury-FMS. (Mot. for Personal Injunctive Relief (#43) at 1). Plaintiff now makes this motion based on the BLM's violation of his due process rights in determining a deficiency debt owed and its certification to Treasury-FMS. (*Id.*). Plaintiff also requests an injunction to direct Treasury-FMS to immediately return the funds previously deducted from his monthly Social Security payments with compound interest at the rate assessed against him by the BLM and Treasury-FMS. (*Id.*).

Federal Defendants filed a response opposing the motion. (*See* Resp. to Mot. for Personal Injunctive Relief (#49)).

Pursuant to this Court's June 2012 order, the Court grants in part and denies in part the motion for personal injunctive relief (#43). The Court grants a personal injunction requiring the BLM to withdraw their debt certification to Treasury-FMS. However, the Court denies Plaintiff's request to have Treasury-FMS immediately return the funds previously deducted from his monthly Social Security payments with compound interest.

1    **II.    Federal Defendants' Motion for Reconsideration of Order Denying Federal Defendants' Motion to Dismiss Complaint (#59)**

2        Federal Defendants file a motion for reconsideration of this Court's June 2012 order.

3    (Mot. for Reconsideration (#59) at 1).  Federal Defendants argue that Plaintiff's claims are

4    barred by the two-year statute of limitations and that the Court's tolling facts are demonstrably

5    erroneous.  (*Id.* at 6-7).  Federal Defendants also argue that the claims against Treasury-FMS

6    must be dismissed because federal agencies cannot be sued under 42 U.S.C. § 1983 or

7    *Bivens*.  (*Id.* at 11).  Federal Defendants argue that qualified immunity bars the claims against

8    them.  (*Id.*).

9        A motion to reconsider must set forth "some valid reason why the court should

10   reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to

11   persuade the court to reverse its prior decision."  *Frasure v. United States*, 256 F.Supp.2d

12   1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with

13   newly discovered evidence, (2) committed clear error or the initial decision was manifestly

14   unjust, or (3) if there is an intervening change in controlling law."  *Sch. Dist. No. 1J v. Acands,*

15   *Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "A motion for reconsideration is not an avenue to

16   re-litigate the same issues and arguments upon which the court already has ruled."  *Brown v.*

17   *Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

18       The Court finds no valid reason to reconsider its prior decision and denies Federal

19   Defendant's motion for reconsideration (#59).

20                                    **CONCLUSION**

21       For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Personal

22   Injunctive Relief (#43) is GRANTED in part and DENIED in part.  The Court grants a personal

23   injunction requiring the BLM to withdraw its debt certification to Treasury-FMS, but denies

24   Plaintiff's request to have Treasury-FMS immediately return the funds previously deducted

25   from his monthly Social Security payments with compound interest.

26   ///

27   ///

28

                                        6

IT IS FURTHER ORDERED that Federal Defendants' Motion for Reconsideration of Order Denying Federal Defendants' Motion to Dismiss Complaint (#59) is DENIED.

DATED: This 3rd day of August, 2012.

_____
United States District Judge