JULIE CAVANAUGH-BILL
Nevada Bar No. 11533
JOHN N. STEPHENSON
Nevada Bar. No. 12497
Cavanaugh-Bill Law Offices, LLC
401 Railroad St. Suite 307
Elko, NV 89801
775-753-4357 Telephone
775-777-2983 Facsimile
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND D. YOWELL, | Case No. 3:11-cv-00518-RCJ-VPC |
| Plaintiff, | SECOND AMENDED COMPLAINT |
| vs. | (BENCH TRIAL DEMANDED) |
| ROBERT ABBEY; HELEN HANKINS; THE DEPARTMENT OF THE TREASURY, BUREAU OF FINANCIAL MANAGEMENT SERVICE; UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT; CBE GROUP; JIM CONNOLY; DENNIS JUROGIAN; JIM PITTS; NEIL HARRIS; ELKO COUNTY SHERIFF'S OFFICE; ELKO COUNTY, NEVADA; and DOES 2-10 | |
| Defendants. | |

**SECOND AMENDED COMPLAINT (VERIFIED)**

COMES NOW, Plaintiff RAYMOND D. YOWELL ("Plaintiff"), by and through his undersigned counsel, and hereby states as follows:

///

1

## BACKGROUND

1. Under Article VI of the 1863 Treaty of Ruby Valley ("the Treaty"), the Shoshone agreed to relinquish their roaming life; in exchange, the President of the United States agreed to establish "reservations" for them so that they could become herdsmen or agriculturalists. The herding of cattle was expressly contemplated in Article VII of the Treaty.

2. The United States Congress passed the Indian Reorganization Act ("the Act") on June 18, 1934. Under Section 5 of the Act, title to lands acquired pursuant to the Act were taken in the name of United States in trust for the Indian tribe or individual Indian for which the land was acquired.

3. On February 8, 1941, the Secretary of the Interior issued an Executive Order pursuant to the Indian Reorganization Act, which created the South Fork Western Shoshone Indian Reservation ("the Reservation"). The Executive Order proclaimed that the Reservation's boundaries included: "all range, ranges and range watering rights of every name, nature, kind and description used in connection with the above described premises."

4. Plaintiff RAYMOND YOWELL is a Shoshone Indian, a ward of the United States, and a member of the Te-Moak Tribe of the Western Shoshone Indians of Nevada (Enrollment No. 00041) who principally works as a cattle rancher. Through out his life, he has turned his livestock out to graze on the historic grazing lands associated with the Reservation. Plaintiff comes from a long line of ranchers going back prior to 1934 who have grazed their livestock on the aforesaid ranges, including: Plaintiff's great-grandfather, John W. Yowell, Plaintiff's grandfather, George Yowell, and Plaintiff's father, Ray Yowell.

2

5. Throughout the 1980s, the Defendant UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT ("BLM") attempted to get an Indian Grazing Association to sign a permit to graze livestock on the aforesaid ranges, but never directly approached Plaintiff.

6. BLM never undertook any effort to fence the aforesaid ranges which it claimed to own despite the fact that Nevada is an open range state.

7. Plaintiff was under no legal obligation to obtain a grazing permit from BLM because he had a legal right to graze his cattle on the ranges surrounding the Reservation. His legal right arose from the following sources, each of which standing alone, renders unconstitutional the seizure of his cattle (as discussed below):

    A. The aforementioned Executive Order. At all relevant times herein, Mr. Yowell was grazing his cattle within the scope of the ranges delineated by the Executive Order.

    B. The Treaty of Ruby Valley (1863, as ratified in 1869) gave Plaintiff the legal right to graze his cattle on said ranges.

    C. Plaintiff also held an individual aboriginal title to graze his livestock on said ranges. *See United States v. Dann*, 873 F.2d 1189, 1195-1200 (9th Cir. 1989).

8. Plaintiff's cattle grazed on the Shoshone people's ranges, not federal or public lands. Despite this fact, in the 1990s, BLM began sending allegations to Plaintiff that he was committing the crime of trespass. In response, Plaintiff informed BLM of his grazing rights under the aforementioned Executive Order and Treaty. In response, BLM emphatically and intentionally informed Plaintiff that he had no legal right to graze his cattle on the aforesaid ranges. Such intentional misrepresentations were made with the deliberate aim of deterring

3

plaintiff from filing suit or seeking legal assistance. In addition, BLM sent numerous letters over the years but never answered any of the letters that Plaintiff sent back in response, again, with the deliberate goal of preventing Plaintiff from learning the nature of his rights and deterring him from filing suit thereon.

9. On May 24, 2002, Defendants ROBERT ABBEY, HELEN HANKINS, JIM PITTS, NEIL HARRIS, JIM CONNELLY, DENNIS JOUROGIAN, at the direction of their respective employers, Defendants THE DEPARTMENT OF THE TREASURY, BUREAU OF FINANCIAL MANAGEMENT SERVICE, ELKO COUNTY SHERIFF'S OFFICE, and ELKO COUNTY, NEVADA, acted together in concert to seize 132 head of Plaintiff's cattle while the cattle were grazing on the aforesaid range. Defendants executed this seizure without a warrant, court order, or an opportunity for a pre-deprivation hearing. Instead, Defendants acted under a "Notice of Intent to Impound" prepared by BLM, an entity without authority or jurisdiction to derogate the legal rights bestowed above. Defendant NEIL HARRIS, then-Sheriff of Elko County, knew of the seizure and sent a Deputy to preserve the peace. The said Deputy, who is presently named as a DOE Defendant, did not ask for a warrant or court order that would have authorized the BLM seizure and thereby failed to perform his sworn duty of protecting Plaintiff from the unlawful seizure of his property. Defendant JIM PITTS was also present during this seizure. Defendants ROBERT ABBEY and HELEN HANKINS, as agents of the Trustee of Plaintiff, ordered the seizure and deliberately abrogated their trust responsibilities by interfering with Plaintiff's free enjoyment of the historic ranges granted to him as a Western Shoshone Indian.

10. Following the aforementioned seizure, Plaintiff's livestock were transported 300 miles to a BLM holding corral in Palomino Valley, Nevada. Plaintiff was then presented

4

with a bill for the costs of gathering, transporting, and alleged trespass fees in excess of $150,000 and was told to pay the costs and fees by May 30, 2002 or his cattle would be sold and the proceeds retained by BLM. Aforesaid Defendants never gave Plaintiff an opportunity to defend against the underlying basis of the charges against him (i.e., a pre-deprivation hearing, etc.) or the opportunity to challenge the alleged debt.

11. On May 31, 2002, aforesaid Defendants sold Plaintiff's livestock without his permission or his signature on the Brand Inspection Clearance Certificate Nos. 6415-38 and 6415-40 in violation of Nevada Revised Statutes 565.120. The sale was collusive and executed at below market prices. Defendants have been earning interest on the unlawfully acquired sums ever since.

12. Under the direction of the BLM, Defendant DEPARTMENT OF THE TREASURY, BUREAU OF FINANCIAL MANAGEMENT SERVICE ("TREASURY-FMS"), attempted to collect over $180,000 from Plaintiff for allegedly owed costs. Plaintiff informed the DEPARTMENT OF TREASURY that the alleged debt was not legitimate. Thereafter, DEPARTMENT OF TREASURY assigned to Allied Interstate who then attempted to collect on the alleged debt. Plaintiff next informed Allied Interstate that the alleged debt was not legitimate. Allied Interstate then assigned the debt to Pioneer Credit Recovery.

13. After Plaintiff informed Pioneer Credit Recovery that the debt was not legitimate, the debt was assigned to Defendant CBE GROUP. Defendant informed CBE GROUP that the repeatedly reassigned debt was not legitimate. The CBE GROUP refused to listen and engaged in oppressive debt collection practices the natural consequence of which was to harass, oppress, and abuse Plaintiff. The CBE GROUP debt collection practices were

annoying, abusive, and harassing. Eventually CBE GROUP gave up on collecting the unlawful debt and reassigned it back to the DEPARTMENT OF THE TREASURY.

14. Defendant TREASURY-FMS then tried to collect on the alleged debt based upon an unlawful debt certification from BLM. Plaintiff informed TREASURY-FMS that the debt was not legitimate but TREASURY-FMS ignored Plaintiff's protest. Instead, on April 1, 2008, TREASURY-FMS began garnishing Plaintiff's Social Security payments to repay the alleged debt in violation of 42 U.S.C. § 407(a). These garnishments occur monthly and continue to the present day.

15. Following the unlawful sale of Plaintiff's cattle, he took upon himself the task of learning the basics of United States law. This task included reading case law, studying the basics of court procedure, visiting law libraries, speaking with other ranchers who had suffered similar unlawful seizures of their cattle, and attending a civil rights class. After becoming modestly conversant in United States Court procedure, he filed suit, in a *pro se* capacity, against the United States in the United States Court of Federal Claims (Case No. 1:08-cv-00368-RHH) on May 22, 2008. Plaintiff's suit sought to recover damages for the unlawful seizure of his cattle under a "takings" theory of recovery. About a year and half later, on October 9, 2009, the United States Court of Federal Claims dismissed Plaintiff's suit on the legal grounds that a takings suit could not be premised upon unlawful actions by the United States government. Plaintiff then re-undertook the task of trying to learn United States law and, after further study, brought the instant suit, hoping that he has presented his allegations and causes of actions in a legally cognizable manner so that he can recover for the grave injustice that he has suffered.

///

## JURISDICTION AND VENUE

16. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' causes of action arising under the United States Constitution as well as the claims brought under federal law (i.e., 42 U.S.C. §§ 1983 and 1988; 42 U.S.C. § 407(a) (Prohibiting the Attachment of Social Security Benefits), 15 USC § 1692d (Unlawful Debt Collection Practices), 28 USCS § 2671 *et seq.* (Federal Tort Claims Act)). Supplemental jurisdiction over Plaintiffs' causes of action arising under Nevada law exists pursuant to 28 U.S.C. §1367.

17. Venue lies in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to Plaintiffs' claims occurred in and around Elko County, Nevada.

## PARTIES

18. As set forth above, Plaintiff RAYMOND YOWELL is a Shoshone Indian, a ward of the United States, and a member of the Te-Moak Tribe of the Western Shoshone Indians of Nevada (Enrollment No. 00041) who principally works as a cattle rancher.

19. Defendant ROBERT ABBEY works for Defendant BLM as its National Director. Mr. Abbey acted under color of law and according to well established procedure when he directed persons under his authority to seize Plaintiff's livestock without a warrant, court order, or opportunity for a pre-deprivation hearing. Mr. Abbey is in a trust relationship with Plaintiff pursuant to the Indian Reorganization Act of 1934 (25 USC § 465). Mr. Abbey violated his trust responsibility by interfering with Plaintiff's legal right to graze his cattle on ranges conveyed to him by Executive Order. Mr. Abbey is sued in his personal and official capacities.

20. Defendant HELEN HANKINS works for Defendant BLM as its Elko County District Manager. Ms. Hankins acted under color of law and according to well established procedure by the BLM of directing its persons under its authority to seize property (here, Plaintiff's livestock) without a warrant, court order, or opportunity for a pre-deprivation hearing. Ms. Hankins is in a trust relationship with Plaintiff pursuant to the Indian Reorganization Act of 1934 (25 USC § 465). Ms. Hankins violated her trust responsibility by interfering with Plaintiff's legal right to graze his cattle on ranges conveyed to him by Executive Order. Ms. Hankins is sued in her personal and official capacities.

21. Defendant BLM is a Bureau of the United States Department of the Interior. BLM was fully aware of the Plaintiff's contentions regarding the boundaries upon which his cattle could rightfully graze and intentionally deprived Plaintiff of his rights to graze on these boundaries given that the Department of the Interior issued the Executive Order creating the Reservation. Furthermore, the Solicitor General's Office had specifically issued directives to the BLM regarding off-reservation trust obligations such as the ones at issue here.

22. Defendant TREASURY-FMS is a Bureau of the United States Treasury. Every month, Defendant TREASURY-FMS violates 42 U.S.C. § 407(a) by improperly garnishing Plaintiff's Social Security payment to collect an unlawful debt. This unlawful action also constitutes a taking without just compensation.

23. Defendant CBE GROUP improperly attempted to collect on an unlawful debt and, as discussed above, exercised abusive and unlawful debt collection practices in pursuing the alleged debt.

24. Defendant JIM PITTS is an adult citizen, a Nevada resident, and is presently employed by Defendant ELKO COUNTY, by and through Defendant ELKO COUNTY

SHERIFF'S OFFICE, as Sheriff. Pursuant to Section 32 of the Nevada Constitution, Defendant JIM PITTS is an officer of Defendant ELKO COUNTY. Defendant is a final policymaker for Defendant ELKO COUNTY as he is responsible for formulating its law enforcement policies and procedures as well as implementing them. Defendant is also a final policymaker for Defendant ELKO COUNTY SHERIFF'S OFFICE as he is in charge of formulating and implementing internal policies and procedures as well as supervising the conduct of ELKO COUNTY SHERIFF'S OFFICE employees. He is sued in his individual and official capacities.

25. Defendant NEIL HARRIS is hereby named in place of DOE No. 1. Mr. Harris an adult citizen and was employed by Defendant ELKO COUNTY, by and through Defendant ELKO COUNTY SHERIFF'S OFFICE, as Sheriff at the time Plaintiff's cattle were seized. Pursuant to Section 32 of the Nevada Constitution, Defendant NEIL HARRIS was an officer of Defendant ELKO COUNTY. Defendant was a final policymaker for Defendant ELKO COUNTY, as such, he was responsible for formulating its law enforcement policies and procedures as well as implementing them. Defendant NEIL HARRIS was also a final policymaker for Defendant ELKO COUNTY SHERIFF'S OFFICE as he is in charge of formulating and implementing internal policies and procedures as well as supervising the conduct of ELKO COUNTY SHERIFF'S OFFICE employees. He is sued in his individual and official capacities.

26. Defendant ELKO COUNTY SHERIFF'S OFFICE administers and provides law enforcement services for Defendant ELKO COUNTY. Defendant ELKO COUNTY SHERIFF'S OFFICE acts under the direction of Defendant ELKO COUNTY and pursuant to its authority.

9

27. Defendant ELKO COUNTY is responsible for the property, health, safety, and welfare of all persons within its boarders and oversees Defendant ELKO COUNTY SHERIFF'S OFFICE in its administration and provision of law enforcement services.

28. Defendant JIM CONNELLY is a Nevada State Brand Inspector who, while acting under color of law, deliberately allowed an unlawful seizure, transport, and sale of Plaintiff's cattle in violation of NRS 565.120. He is sued in his individual and official capacities.

29. Defendant DENNIS JOROGIAN is Deputy Nevada State Brand Inspector who, while acting under color of law, deliberately allowed an unlawful seizure, transport, and sale of Plaintiff's cattle in violation of NRS 565.120. He is sued in his individual and official capacities.

30. Defendants DOES 2-10 are individuals, identities presently unknown, who participated in the unlawful and unconstitutional seizure, transportation, and sale of Plaintiff's cattle. Plaintiff will seek leave to amend his Complaint upon learning said individuals' identities.

## DAMAGES

31. Based upon the foregoing, Plaintiff brings this suit pursuant to 42 U.S.C. §§ 1983 and 1988, 42 U.S.C. § 407(a) (Prohibiting the Attachment of Social Security Benefits), 15 USC § 1692d (Unlawful Debt Collection Practices), 28 USCS § 2671 *et seq.* (Federal Tort Claims Act), Article VI of the United States Constitution, the Fifth and Fourteenth Amendments to the United States Constitution, Article I §8(6) of the Nevada Constitution, and Nevada law. As a result of these violations, Plaintiff seeks money damages for the destruction of his livestock, his lost profits, and reimbursement of his unlawfully garnished

Social Security payments. In this vein, Plaintiff's damages continue to increase monthly. Plaintiff has also suffered bodily injury stemming from the severe emotional distress that he has suffered following the destruction of his ranching business and breach of trust by Defendants ROBERT ABBEY and HELEN HANKINS. Plaintiff will demonstrate his damages to a sum certain at trial according to proof.

### COUNT 1
*42 U.S.C. §1983 Against All Defendants Except for CBE Group*

32. To the extent consistent herewith, Plaintiff incorporates the previous allegations above as if set forth fully herein.

33. Plaintiff seeks damages under 42 U.S.C. §1983 for the injuries set forth above against each Defendant, excepting CBE GROUP and TREASURY-FMS, for depriving Plaintiff of his cattle and then selling his cattle in violation of Plaintiff's Fifth and Fourteenth Amendments rights. This due process violation occurred under the color of law; pursuant to a well-established custom and practice of disregarding constitutionally protected property rights; and violated firmly established rights.

34. Plaintiff also seeks damages under 42 U.S.C. §1983 for the injuries set forth above against each Defendant, excepting CBE GROUP and TREASURY-FMS, for depriving Plaintiff of his cattle and then selling his cattle in violation of his rights bestowed by Executive Order (February 8, 1941), and Treaty of Ruby Valley (1863, as ratified in 1869). If it is ultimately concluded, as a matter of law, that 42 U.S.C. §1983 is not the proper legal vehicle for recovering damages for the violation of Plaintiff's rights bestowed by the aforesaid Executive Order and Treaties, then Plaintiff reserves his right to amend his Complaint to assert the applicable legal theory of recovery.

35. Plaintiff also seeks damages under 42 U.S.C. §1983 for the injuries set forth above against Defendant TREASURY-FMS for depriving Plaintiff of his Social Security Benefits in violation of Plaintiff's Fifth and Fourteenth Amendments rights. This due process violation occurred under the color of law; pursuant to a well-established custom and practice of disregarding constitutionally protected property rights; and violated firmly established rights.

36. In particular, Plaintiff seeks damages against Defendants ELKO COUNTY and ELKO COUNTY SHERIFF'S OFFICE for having maintained policies and/or customs exhibiting deliberate indifference to the due process rights of persons in Elko County, including Plaintiff's. This deliberate indifference includes allowing the seizure of Plaintiff's cattle without a warrant and without a court order and resulted in the violation of Plaintiff's firmly established constitutional rights of which a reasonable person would have known.

37. In particular, Plaintiff seeks damages against Defendant BLM for having maintained policies and/or customs exhibiting deliberate indifference to the due process rights of persons in Elko County and across the United States, including Plaintiff's. This deliberate indifference includes directing the seizure of Plaintiff's cattle without a pre-deprivation hearing and with knowing disregard of the scope of the Shoshone People's ranges, resulting in the violation of Plaintiff's firmly established constitutional rights of which a reasonable person would have known.

**COUNT 2**
*Federal Tort Claims Act (28 U.S.C. §§ 1346, 2671 et seq.) Against Defendants BLM Robert Abbey, Helen Hankins, and Treasury-FMS*

38. To the extent consistent herewith, Plaintiff incorporates the previous allegations above as if set forth fully herein.

12

39. Defendants BLM, ROBERT ABBEY and HELEN HANKINS intentionally acted with the aim of unlawfully depriving Plaintiff of his cattle and with the goal of permanently destroying his ability to earn a livelihood. Defendants also intentionally certified an unlawful debt to Defendant TREASURY-FMS with the aim of depriving of Plaintiff of his rightful interest in Social Security Benefits.

40. Defendants BLM, ROBERT ABBEY and HELEN HANKINS also intentionally asserted the false allegation that Plaintiff committed the crime of trespass with the aim of unlawfully depriving Plaintiff of his cattle and destroy his ability to earn a livelihood.

41. Defendant TREASURY-FMS has intentionally deprived, and continues to intentionally deprive, Plaintiff of his rightful interest in Social Security Benefits, with the aim of significantly reducing Plaintiff's very modest standard of living in his elderly years.

42. The aforesaid extreme and outrageous conduct has caused Plaintiff to suffer financial damages and severe emotional distress.

**COUNT 3**
*Unlawful Debt Collection Practices (15 USC § 1692d) Against CBE Group and Treasury-FMS*

43. To the extent consistent herewith, Plaintiff incorporates the previous allegations above as if set forth fully herein.

44. Defendant CBE GROUP intentionally attempted to collect an unlawful debt and exercised abusive debt collection practices in pursing the alleged debt.

45. Defendant TREASURY-FMS intentionally attempted to collect an unlawful debt and exercised abusive debt collection practices in pursing the alleged debt.

///

13

46. As a result, Plaintiff seeks damages for the financial injury and severe emotional distress that he has suffered.

### COUNT 4
*Unlawful Garnishment of Social Security Benefits (42 U.S.C. §407(a)) Against Treasury-FMS*

47. To the extent consistent herewith, Plaintiff incorporates the previous allegations above as if set forth fully herein.

48. Since April 1, 2008 and continuing through the present, Defendant TREASURY-FMS has unlawfully garnished Plaintiff's Social Security Benefit every month in violation of 42 U.S.C. §407(a).

49. Plaintiff seeks damages for the financial injury and severe emotional distress that he has suffered as a result of the unlawful garnishment.

### COUNT 5
*Intentional Infliction of Emotional Distress Against All Defendants Except for CBE Group and Treasury-FMS*

50. To the extent consistent herewith, Plaintiff incorporates the previous allegations above as if set forth fully herein.

51. With the exception of Defendants CBE GROUP and TREASURY-FMS, each Defendant intentionally acted with the aim of unlawfully depriving Plaintiff of his cattle and with the goal of permanently destroying his ability to earn a livelihood.

52. Defendants ROBERT ABBEY and HELEN HANKINS also intentionally asserted the false allegation that Plaintiff committed the crime of trespass with the aim of unlawfully depriving Plaintiff of his cattle and with the goal of permanently destroying his ability to earn a livelihood.

///

14

53. Defendant TREASURY-FMS has intentionally deprived, and continues to intentionally deprive, Plaintiff of his rightful interest in Social Security Benefits in violation of federal law, with the aim of significantly reducing Plaintiff's very modest standard of living in his elderly years.

54. The aforesaid extreme and outrageous conduct has caused Plaintiff to suffer financial damages and severe emotional distress.

55. DOES 2-10 include individuals employed by Defendants CBE GROUP and TREASURY-FMS who also have intentionally (or recklessly) acted with extreme and outrageous conduct against Plaintiff. This conduct includes the aforementioned abusive collection practices.

56. Plaintiff has suffered severe emotional distress as a result of Defendants' tortious conduct and seeks damages as a result.

### COUNT 6
*Conversion Against All Defendants Except for CBE Group*

57. To the extent consistent herewith, Plaintiff incorporates the previous allegations above as if set forth fully herein.

58. Each Defendant, excepting CBE GROUP and TREASURY-FMS, intentionally acted with the aim of unlawfully depriving Plaintiff of his cattle.

59. TREASURY-FMS has intentionally deprived, and continues to intentionally deprive, Plaintiff of his rightful interest in Social Security Benefits.

60. Plaintiff has suffered financial damages and severe emotional distress as a result of the aforesaid tortious conduct.

///

///

15

# COUNT 7
## *Civil Conspiracy Against All Defendants*

61. To the extent consistent herewith, Plaintiffs incorporate the previous allegations above as if set forth fully herein.

62. Defendants, in order to benefit themselves and their respective employers, have acted in concert with the aim of unconstitutionally depriving Plaintiff of his lawful interest in his cattle; demanded that Plaintiff pay an unlawful and unjustified debt; have exercised abusive practices in an effort to collect on the unlawful debt; and continue to unlawfully garnish Plaintiff's Social Security Benefits. Said conspiracy was undertaken with the unlawful objective to oppress Plaintiffs and violate his constitutional rights.

63. Should the trier-of-fact ultimately find that one or more of the named Defendants did not participate in the aforesaid conspiracy, Plaintiff seeks damages against the remaining Defendants that are ultimately found to be apart of the aforesaid conspiracy.

# COUNT 8
## *Respondeat Superior of Defendants Elko County Sheriff's Office, Elko County, Treasury-FMS and CBE Group*

64. To the extent consistent herewith, Plaintiff incorporates the previous allegations above as if set forth fully herein.

65. Defendants ELKO COUNTY SHERIFF'S OFFICE and ELKO COUNTY are liable for the aforesaid tortious acts committed by Defendants JIM PITTS and NEIL HARRIS against Plaintiff. Defendants ELKO COUNTY SHERIFF'S OFFICE and ELKO COUNTY employed Defendants JIM PITTS and NEIL HARRIS and they committed the aforesaid tortious acts during the course of employment.

66. Defendant TREASURY-FMS is liable for the aforesaid tortious acts committed by its representatives, presently named as DOE Defendants, against Plaintiff. DOE Defendants committed these tortious acts during the course of employment.

67. Defendant CBE GROUP is liable for the aforesaid tortious acts committed by its representatives, presently named as DOE Defendants, against Plaintiff. DOE Defendants committed these tortious acts during the course of employment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court:

1. Immediately enter an injunction against Defendant TREASURY-FMS directing that there by not further garnishment of Plaintiff's Social Security Benefits;

2. Enter an order declaring that Defendants violated Plaintiff's constitutional, statutory, and common law rights;

3. Enter an order declaring that Defendants committed tortious act(s) against Plaintiff and/or violated his statutory rights;

4. Award Plaintiff compensatory damages against each Defendant;

5. Award restitution for Plaintiffs' losses;

6. Award Plaintiff punitive damages to the extent allowed by law;

7. Award Plaintiff's counsel reasonable attorney fees and costs; and

8. Grant Plaintiff such other and further relief as may be just and proper under the circumstances, including but not limited to, appropriate injunctive relief.

///

///

**BENCH TRIAL**

Plaintiff requests a bench trial in this case.

DATED August 16, 2012.

Respectfully submitted by,

**CAVANAUGH-BILL LAW OFFICES, LLC**

*/s/ John Stephenson*

JULIE CAVANAUGH-BILL
Nevada Bar No. 11533
JOHN N. STEPHENSON
Nevada Bar No. 12497
401 Railroad Street, Suite 307
Elko, Nevada 89801

**VERIFICATION**

I declare under penalty of perjury that the facts and allegations presented in this Complaint are true and accurate to the best of my knowledge.

*/s/ Raymond D. Yowell*                           DATED August 16, 2012.
Plaintiff RAYMOND YOWELL

Sworn before me by aforesaid Plaintiff on
August 16, 2012

*/s/ Jerilyn Watson*
Notary Public

JERILYN WATSON
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 1-9-2016
Certificate No: 98-0540-6

18