Case: 12-16552 05/28/2013 ID: 8669501 DktEntry: 34-1 Page: 1 of 7



FILED

JUN 28 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND D. YOWELL, | No. 12-16552 |
| Plaintiff - Appellee, | D.C. No. 3:11-cv-00518-RCJ-VPC |
| v. | |
| ROBERT ABBEY; HELEN HANKINS; DEPT OF TREASURY, FIN MGMT SVCS; CBE GROUP, INC.; JIM PITTS, | MEMORANDUM[*] |
| Defendants, | |
| and | |
| JAMES CONNELLEY; DENNIS JOURNIGAN, | |
| Defendants - Appellants. | |
| RAYMOND D. YOWELL, | No. 12-17158 |
| Plaintiff - Appellee, | D.C. No. 3:11-cv-00518-RCJ-VPC |
| v. | |
| ROBERT ABBEY; HELEN HANKINS; DEPT OF TREASURY, FIN MGMT | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

SVCS,

           Defendants - Appellants,

and

CBE GROUP, INC.; JIM PITTS; JAMES CONNELLEY; DENNIS JOURNIGAN,

           Defendants.

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted June 13, 2013
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and VANCE, Chief District Judge.[**]

Federal Defendants-Appellants Robert Abbey, Helen Hankins, and the Department of the Treasury–Financial Management Services ("Treasury-FMS") appeal from the district court's order enjoining the Bureau of Land Management ("BLM") from enforcing Plaintiff-Appellee Raymond Yowell's grazing debt, and from the district court's orders denying their motions to dismiss and for

---

[**] The Honorable Sarah S. Vance, Chief District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

reconsideration. State Defendants-Appellants James Connelley and Dennis Journigan appeal the district court's denial of their motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) and § 1291 (under the collateral order doctrine). *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). We reverse.

**1.** The district court abused its discretion in requiring BLM to withdraw its certification of Yowell's debt to Treasury-FMS. A court abuses its discretion where it fails to identify or apply the correct legal rule, where its failure to make findings of fact and conclusions of law preclude a full understanding of the court's decision, or where its application of the correct legal standard is illogical, implausible, or without support. *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012); *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1155 (9th Cir. 2011); *Enforma Natural Products, Inc.*, 362 F.3d 1204, 1212 (9th Cir. 2004).

The district court's injunction suffers from all three problems. Specifically, the district court failed to identify and apply the correct standard for granting an injunction. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). The district court failed to make the findings of fact and conclusions of law required by Federal

Rules of Civil Procedure 52(a)(1)–(2) and 65, without which we cannot discern the basis for the court's decision.  *See Enforma Natural Products, Inc.*, 362 F.3d at 1212.  Finally, the district court's conclusions that Yowell had no pre-deprivation hearing before BLM impounded and sold his cattle, and that Yowell was not aware of the impoundment, cannot form the basis for the injunction.  We conclude, for the reasons we have previously set forth, that BLM was not required to provide a pre-deprivation hearing.  *See Klump v. Babbitt*, No. 95-16109, 1997 WL 121193, *2 (9th Cir. May 17, 1997).  Furthermore, Yowell plainly was aware of the impoundment before it happened, as evidenced by BLM's notices to Yowell and Yowell's own efforts to contest BLM's actions.

**2.**     The district court erred in denying the Federal Defendants-Appellants' motion to dismiss and motion for reconsideration.  First, no action under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), may lie against federal agencies like Treasury-FMS.  *See FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994); *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011).

Second, no *Bivens* action may lie against federal officials for "strictly

4

enforcing rules against trespass or conditions on grazing permits." *Wilkie v. Robbins*, 551 U.S. 537, 557 (2007).[1]

Third, even if Yowell could assert *Bivens* claims against the individual Federal Defendants-Appellants notwithstanding *Wilkie*, they are entitled to qualified immunity. Yowell does not tie any allegedly unlawful behavior to the individual Federal Defendants-Appellants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). More problematic, Yowell fails to show that the Federal Defendants-Appellants caused him to be deprived of a clearly established federal right. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). As Yowell concedes, the Federal Defendants-Appellants were following BLM regulations when they seized and sold his cattle, and Treasury-FMS regulations when they certified his grazing debt. No court has held that those regulations violate due process. Thus, it cannot be said that "every reasonable official would [have understood] that what he is doing violates" any

---

[1] The Western Shoshone Tribe's aboriginal title to the lands at issue in this case have long been settled. *See United States v. Dann*, 470 U.S. 39, 41–42 (1985); *United States v. Dann*, 873 F.2d 1189, 1194–1200 (9th Cir. 1989). The United States now holds title to, and BLM now manages, those lands.

5

clearly established federal right. *Reichle v. Howards*, 132 S. Ct. 2088, 2090 (2012) (quotation marks omitted) (alteration in *Reichle*).

**3.** The district court erred in denying the State Defendants-Appellants' motion for summary judgment. As an initial matter, the State Defendants-Appellants are eligible for qualified immunity because their actions were discretionary, not ministerial, under applicable state law. *See* Nev. Rev. Stat. § 565.130(1). Qualified immunity applies here because Yowell fails to establish that the State Defendants-Appellants either failed to follow the applicable state law, which thereby caused him to be deprived of a clearly established federal right, or that the state law is itself "patently violative of fundamental constitutional principles." *Cmty. House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 965 (9th Cir. 2010). To the contrary, the State Defendants-Appellants followed the applicable brand inspection procedures and communicated with Yowell as those procedures and BLM's regulations required; nothing obligated the Defendants to dispute BLM's impoundment and sale of Yowell's cattle. No court, moreover, has concluded that Nevada's brand inspection procedures violate federal law.

Accordingly, the district court's orders denying the Federal Defendants-Appellants' motions to dismiss and for reconsideration, as well as the State Defendants-Appellants' motion for summary judgment, are **REVERSED**. The

district court's injunction is **VACATED**.  The case is **REMANDED** for further

proceedings consistent with this disposition.