**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

RAYMOND D. YOWELL,              )
        Plaintiff,              )
        vs.                     )     3:11-cv-518-RCJ-VPC
                                )     ORDER
ROBERT ABBEY et al.,            )
        Defendants.             )

This case arises out of the BLM's seizure of Plaintiff's cattle. Pursuant to a mandate from the U.S. Court of Appeals for the Ninth Circuit, (Ninth Cir. Mem. Dispo., ECF No. 101), this Court dismissed Defendants Robert Abbey, Helen Hankins, and Treasury-FMS, and granted summary judgment in favor of Defendants Jim Connelley and Dennis Journigan, (Order, ECF No. 105, at 7). Defendant Elko County Sheriff Jim Pitts ("Pitts") now moves for reconsideration, (ECF No. 109), of this Court's order denying his motion to dismiss the claims asserted against him, (ECF No. 37). For the reasons stated herein, the motion is denied.

**I.   LEGAL STANDARD**

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas*

*v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

While Rule 59(e) and Rule 60(b) permit a district court to reconsider and amend previous orders, this is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., *Moore's Federal Practice* § 59.30(4) (3d ed. 2000)) (internal quotation marks omitted).

Indeed, a district court should not grant a motion for reconsideration "absent highly unusual circumstances, unless the court (1) is presented with newly discovered evidence, (2) committed clear error, or (3) if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enter.*, 229 F.3d at 890. Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for reconsideration. *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Furthermore, "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

## II.    ANALYSIS

Defendant Pitts moves the Court to reconsider, but the Court declines, finding that he has failed to assert an adequate basis for reconsideration. Specifically, he has neither presented newly discovered evidence nor identified an intervening change in the controlling law. *See 389 Orange St. Partners*, 179 F.3d at 665 (A district court should not reconsider its prior orders "unless the court (1) is presented with newly discovered evidence, (2) committed clear error, or (3) if there is an intervening change in the controlling law."). Instead, he simply reargues the issues and concludes that the Court got it wrong. Such arguments do not justify reconsideration, and the motion, (ECF No. 109), is therefore denied.

## CONCLUSION

IT IS HEREBY ORDERED that the motion for reconsideration (ECF No. 109) is DENIED.

IT IS SO ORDERED.

Dated: APRIL 28, 2014

_____
ROBERT C. JONES
United States District Judge